# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **LEROY LEWIS** | **PETITIONER** |
| versus | NO. 3:17CV324-CWR-LRA |
| **SHERIFF BILLIE SOLLIE** | **RESPONDENT** |

## MOTION TO DISMISS

**COMES NOW** the respondent in the above referenced cause and respectfully moves this Court to dismiss the instant Petition for Writ of Habeas Corpus,[1] and in support thereof would show unto the Court the following:

I.

Petitioner Leroy Lewis has filed a petition for writ of habeas corpus challenging his pretrial detention in the Lauderdale County Detention Center. Although Lewis does not list the charges on his petition, the Lauderdale County Circuit Court confirmed that Lewis is currently charged with murder, aggravated assault and simple assault on a law enforcement officer. Lewis states that he has been incarcerated over a year on these charges. ECF Doc 1. In his petition, Lewis does not request that he be brought to trial on

---

[1] Respondent notes that Rule 4 of the Rules Governing §2254 Cases allows for a response other than a formal answer, as described in Rule 5, and explicitly states that, if the judge does not preliminarily dismiss the petition, "the judge must order the respondent to file an ***answer, motion, or other response*** within a fixed time." (Emphasis added). Further, the Rule 4 Advisory Committee Notes acknowledge that "Rule 4 authorizes the judge to 'take such other action as the judge deems appropriate.'" In addition, the Committee Notes specifically address the filing of a "motion to dismiss." As such, respondent files the instant motion to dismiss Lewis's petition.

the charges at issue. To the contrary, petitioner requests that he be released immediately from custody "before I'm denied further constitutional rights in which I'm due as a citizen of the United States of America," and he seeks punitive damages in the amount of 2.5 million dollars. *Id.*

II.

According to information provided by the Lauderdale County Circuit Court Clerk's Office, Lewis was indicted on March 25, 2015, for murder/manslaughter (Count I) and aggravated assault/simple assault (Count III) in Cause No. 161-15. *See* **Exhibit A**. Trial on these charges was originally set for May 27, 2015 (*see* **Exhibit B**), but was reset to July 28, 2015, as a result of the defense attorney's motion to withdraw. *See* **Exhibit C**. Additional continuances were granted for plea negotiations and an emergency with the trial judge, as well as another trial setting. *See* **Exhibit D**. On October 20, 2015, the State moved to amend the indictment to charge Lewis as an habitual offender (*see* **Exhibit E**), and that motion was granted by Order filed October 26, 2015. *See* **Exhibit F**. Additional continuances were granted because the prosecuting attorney was on military leave and for "state request and Judge Williamson trying State v. Dunn and Moffitte." *See* **Exhibit G**. By Order filed March 3, 2016, on an *ore tenus* motion, new counsel was allowed to substitute as counsel for Lewis, and his former counsel was relieved of any duties in the case. *See* **Exhibit H**. Thereafter, the case was reset for June 1, 2016. *See* **Exhibit I**. A continuance was granted for other pending trials and, thereafter, the matter was set for

October 31, 2016, with the reason stated as "Defendant seeks a trial and demands a speedy trial." *See* **Exhibit J**.

However, despite Lewis's demand for speedy trial, counsel for defense filed a motion for psychiatric examination in September 2016, which was also signed by Lewis. *See* **Exhibit K**. By Order filed September 26, 2016, the trial court granted the defendant's motion, removed the case from its current trial setting and continued the proceedings in the case until a report was received on the mental evaluation. *See* **Exhibit L**. The court's order, which was signed by Lewis and his counsel, clearly stated that "***Defendant's assertion of a "speedy trial issue" shall be waived from the date of this order until such time that this Court completes a competency hearing***." *Id*. (emphasis supplied). A separate order was entered resetting the matter for March 20, 2017, based on the order granting the defendant's request for a mental evaluation. *See* **Exhibit M**.

Court records reflect that the mental examination was completed and the results filed in January 2017, and by Order filed March 20, 2017, the trial court found Lewis competent to stand trial following a hearing. *See* **Exhibit N**. Because of the hearing on Lewis's competence, the trial was reset for May 15, 2017, with a notation on the Order granting a continuance that "no further continuances to be granted to Defendant." *See* **Exhibit O.** The trial court also entered an order on May 3, 2017, rejecting defendant's *ore tenus* motion to permit him to have additional counsel to represent him in this case because defendant failed to provide any justification for his request to choose which

3

public defender he wished to have assigned to his case. *See* **Exhibit P**. Thereafter, an additional continuance was granted by Order filed May 15, 2017, with the notation that "defendant seeks a speedy trial." *See* **Exhibit Q**. The case is currently set for September 11, 2017, with the continuance granted to the State to locate a necessary witness for trial. *See* **Exhibit R**.

A second indictment was filed on January 27, 2016 for simple assault on a law enforcement officer in Cause No. 063-16. *See* **Exhibit S**. Trial in that matter was originally scheduled for April 2016 (*see* **Exhibit T**) but was continued for plea negotiations and the pending case in Cause No. 161-15 and reset for June 1, 2016. *See* **Exhibit U**. The case was reset for the reasons discussed above with regard to Cause No. 161-15, which included the defense's request for a psychiatric evaluation (*see* **Exhibit V**), and the matter is also currently set for trial on September 11, 2017. *See* **Exhibit W**.

III.

Because Lewis is a "pre-trial detainee," the instant petition is considered pursuant to 28 U.S.C. § 2241. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973), the United States Supreme Court held that a pre-trial detainee has a right to seek federal habeas relief. *Id.*, 410 U.S. at 488-89. The *Braden* Court reiterated, however, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. The Court also stated that a petitioner is not permitted to derail "a

4

pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976). Generally, there are two types of relief sought by a prisoner who asserts a pretrial habeas corpus petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. **While the former objective is normally not attainable through federal habeas corpus**, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988).

As noted above, absent from petitioner's arguments in the instant petition is a request to be brought to trial on the charges at issue or any other constitutional basis for federal habeas relief. If this Court construes petitioner's arguments as an attempt to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489. Respondent submits that Lewis's attempt to dismiss the charges is not an

5

available remedy based on the allegations of the instant petition, absent "special circumstances." *See Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987) (citations omitted). In the instant petition, Lewis does not specifically argue "special circumstances" to warrant disruption of the state's judicial process. Therefore, Respondent submits the instant petition should be dismissed with prejudice for failure to state a claim upon which habeas relief may be granted.

IV.

Moreover, if this Court construes Lewis's arguments to request that he be brought to trial, respondent submits that Lewis is not entitled to relief on that claim at this juncture. In *Braden*, *supra*, the Supreme Court held that the defendant was entitled to raise his speedy trial claim through a federal habeas petition because he had adequately exhausted his claim, stating:

> He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial.

*See Braden*, 410 U.S. at 490. The Fifth Circuit has also acknowledged this exhaustion requirement noting,

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or ***by other state procedures available to the petitioner***. *See, e.g., Braden,* 410 U.S. at 489-92, 93 S.Ct. at 1126-28; *Ex parte Royall,* 117 U.S. 241, 250-54, 6 S.Ct. 734, 739-41, 29 L.Ed. 868, 871-72 (1886); *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976). *See also Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); *Moore v. DeYoung,* 515 F.2d 437, 442 (3rd Cir.1975).

*Dickerson v. State*, 816 F.2d at 225 (emphasis added).

The trial judge is clearly aware of Lewis' recent request for speedy trial in May 2017, and the case is set for trial in September 2017. Lewis may raise his speedy trial concerns outlined in the instant federal habeas action by motion in the circuit court as allowed by state law. If his challenge is unsuccessful and Lewis is convicted, he may pursue a claim of violation of his speedy trial rights in the appellate courts of the state of Mississippi, should he determine such is an arguable claim.[2] As such, there are available state procedures in which Lewis may assert his claim. Failure to exhaust available state court remedies clearly

---

[2]Respondent notes that there is no right under Mississippi law to seek an interlocutory appeal regarding speedy trial prior to a trial or plea, so any potential claim challenging the violation of petitioner's rights to a speedy trial would have to be pursued on appeal. *See De La Beckwith v. State*, 615 So. 2d 1134 (Miss. 1992), *reh'g denied*, April 22, 1993.

7

warrants dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. §2254(b) and (c), *supra; Rose v. Lundy*, 455 U.S. 509 (1982); *Duckworth v. Serrano*, 454 U.S. 1 (1981).

Furthermore, even assuming *arguendo* that this Court finds the speedy trial claim has been properly exhausted, Lewis is not allowed to seek federal habeas relief based on his speedy trial allegations of the instant petition absent "special circumstances." *See Dickerson*, 816 F.2d at 227. The Fifth Circuit broached this "special circumstance" issue in *Dickerson*, *supra*, and declined to accept the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden*, *supra*, and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*.

In the instant petition, Lewis does not specifically argue "special circumstances" to warrant disruption of the state's judicial process. In fact, as noted above, a portion of the delay is due to Lewis - whether it was at his counsel's request for plea negotiations or for the defense's request for a mental evaluation. Further, as previously discussed, Lewis specifically waived his right to a speedy trial at various times and most recently from the time he requested a mental evaluation until a ruling on his competency. Recent continuance orders reflect that Lewis asserted that right in May 2017, and his case is currently set for trial in September 2017. Therefore, Respondent respectfully submits that, to the extent that

petitioner seeks to raise a claim challenging the delay in trial, the instant petition should be dismissed with prejudice for failure to state a claim upon which relief can be granted or, alternatively dismissed without prejudice for failure to exhaust.

**WHEREFORE, PREMISES CONSIDERED**, respondent respectfully moves this Court to dismiss the instant petition with prejudice for failure to state a claim upon which relief can be granted or, alternatively, without prejudice for failure to exhaust. Additionally, Respondent moves this Court to dispense with the necessity of filing a brief in support of the motion as the motion is self-explanatory.

Respectfully submitted this 27th day of July, 2017,

**JIM HOOD**
**ATTORNEY GENERAL OF MISSISSIPPI**

**JERROLYN M. OWENS**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

**KELLY M. McLEOD**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

**BRIDGETTE DAVIS**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

s/Jerrolyn M. Owens
 Miss. Bar No. 9983

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3880
Fax: (601) 359-3796
Email: jowen@ago.state.ms.us

# CERTIFICATE OF SERVICE

This is to certify that I, Jerrolyn M. Owens, Special Assistant Attorney General for the State of Mississippi, have electronically filed the foregoing **Motion To Dismiss** with the Clerk of the Court by using the ECF system which sent notification of such filing to the following: United States Magistrate Judge Linda R. Anderson.

I further certify that I have caused to be mailed this date, via United States Postal Service, first-class postage prepaid, a true and correct copy of the foregoing to the following:

> Leroy Lewis
> Lauderdale County Detention Center
> 2001 5th Street
> Meridian, MS 39301

This, the 27th day of July, 2017.

> s/Jerrolyn M. Owens
> Miss. Bar No. 9983

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3880
Fax: (601) 359-3796
Email: jowen@ago.state.ms.us