9-18

9-15-17

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 29 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

Leroy Lewis                          petitioner
vs.                                  No. 3:17-cv-324-CWR-LRA
Sheriff Billie Sollie                Respondent

Comes Now the petitioner in the above referenced cause And respectfully you gave Jim Hood 20 day to Answer the order And he didn't do so I have ask for Another Lawyer because she is not in my best interest I have wrote up to the Mississippi Bar but Nothing happen in when I sign for psychiatric examination And Treatment she said that I was signing for the treatment she didn't read it to me or Nothing if she would had said that I am waive the right to a speedy trial I would not sign you see that I have Not sign Any of the set off paper the ones that I did sign I cross out that I am waives the right to a speed trial And if you see how the went And circular the case number if it is on they paper it should be on my paper then I would to know put what case number I am send you a copy of all the paper that got And that when the Dr. W. Criss Lott said that someone should read And explane to me what I am sign I am having someone help me with my reading and my writing I want to think you for your time.

Leroy Lewis 9-15-17
Leroy Lewis 9-15-17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LeRoy Lewis                                              PETITIONER

versus                          CASE NO: 3:17CV-324-CWR-CRA

Sheriff Billie Sollie                                    RESPONDENT

MOTION TO DISMISS FOR THE STATE'S VIOLATION
of the Defendant's Sixth Amendment Right to Speedy Trial
And the STATE'S VIOLATION of the 270 Day Rule

COMES NOW Defendant, LeRoy Lewis, by and through his undersigned attorney and submits his motion to dismiss in the above styled and numbered case, and in support thereof would show unto the Court the following:

1. On or about December 19, 2014 Defendant was arrested on the charges of Murder, Aggravated Assault and Simple Assault on a Law Enforcement officer. As of July 18, 2017, the date this cause is set for trial, he has been in Jail for 760 days.

2. The Sixth Amendment of the U.S. Constitution Guarantees a defendant the right to a speedy trial. U.S. Const. Amend. VI. See Also, STATE OF Mississippi v. Woodall, 801 So.2d 678, 681 (Miss. 2001). Indeed, the right to speedy trial has been deemed a fundamental right. The Defendant's Right To Speedy Trial is FUNDAMENTAL

Woodall, Supra, Citing Klopfer v. North Carolina, 386. U.S. 213, 223 (1967). The Mississippi Constitution of 1890 Also guarantees A defendant the right to a speedy trial. Miss. Const. Art 3, §26.

Leroy Lewis
*Leroy Lewis*

## The Barker Factors

3. The seminal case on the issue of the Sixth Amendment right to a speedy trial is Barker v. Wingo and the Supreme Court of Mississippi has consistently applied its factors. Woodall, supra, citing Barker v. Wingo, 407 U.S. 514 (1972); See also, Perry v. State, 419 So.2d 194, 198 (Miss. 1982); Wells v. State, 288 So.2d 860, 862-63 (Miss. 1974).

In Barker, the U.S. Supreme Court held that Court should consider the following:

    1. The length of delay;
    2. The reason for the delay;
    3. The defendant's assertion of his right to a speedy trial; And Woodall, supra, citing Barker v. Wingo, 407 U.S. 514, 530 (1972).

With regard to the first factor, length of delay, the Supreme Court has held that a delay of eight months between arrest and indictment is "presumptively prejudicial." Woodall, supra, citing Smith v. State, 550 So.2d 406, 408 (Miss. 1989). In this case, it has been over Nine Hundred and Ten (910) days since the defendant has been indicted and over Five Hundred and Fifty Seven (557) days since his arrest. Pursuant to Smith v. State, the presumption of prejudice has been met. As such, the defendant's right to a speedy trial has been violated.

## The 270 Day Rule

6. Miss. Code. Ann § 99-17-1 mandates that, unless good cause be shown all indictment presented to the court shall be tried no later than 270 days after accused has been arraigned.

5-18

In this case, more than two hundred and seventy (270) days will have elapsed since Arraignment and the State can offer no reasonable excuse for the delay. This case must be Dismiss.

Wherefore, for the above reasons, the Above Indictments against this defendant should be dismissed.

Respectfully Submitted, this the 9 day of Aug 2017

LeRoy Lewis

*LeRoy Lewis*



THE MISSISSIPPI BAR

March 23, 2017

Post Office Box 2168
Jackson, Mississippi 39225-2168
Telephone (601) 948-4471
Fax (601) 355-8635
E-Mail info@msbar.org
Website www.msbar.org

Mr. Leroy Lewis
Lauderdale County Detention Center
2001 5th Street
Meridian, MS 39301

Dear Mr. Lewis:

Your Request for Assistance has been received and reviewed. Merely mailing a letter or request to The Mississippi Bar does not mean that you have filed a bar complaint against an attorney.

The Mississippi Bar does not handle, intervene, take over or provide representation in any individual cases whatsoever. Further, The Mississippi Bar does not refer, recommend, appoint or assign attorneys in any manner whatsoever. The Mississippi Bar does not examine ineffective assistance of counsel claims. <u>Filing a bar complaint will not remove your appointed attorney.</u>

Your attorney has been appointed by the Circuit Court to represent you in this criminal matter and is allowed to use professional judgment in handling your case. Any requests or demands to have your attorney removed or withdrawn from your case must be directed to the Circuit Court or the Mississippi Supreme Court (on appeal) for further consideration. The Mississippi Bar does not have anything to do with the appointment or withdrawal of attorneys in criminal cases. By copy of this letter, I am notifying Ms. Amanda Evans of your contact with this office.

If I do not hear from you regarding this matter within 30 days from the date of this letter, then I will consider this matter to be concluded as far as the Consumer Assistance Program is concerned, and I will permanently close this file and the contents will be destroyed.

If you have any questions regarding this letter, please do not hesitate to give me a call on my direct line at (601) 948-2344.

Sincerely,

ROBERT GLEN WADDLE, Director Counsel
Consumer Assistance Program

RGW
cc:  Amanda Evans, Esq.

YOUR DOCUMENTS ARE LOCATED IN FILE NO. 17-235
OF THE CONSUMER ASSISTANCE PROGRAM FILES

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
THE STATE OF MISSISSIPPI

THE STATE OF MISSISSIPPI

V.                                              Criminal Cause No. 161-15

**LEROY LAMONT LEWIS**
B/M; DOB: December 17, 1982; SSN: 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

## ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL

This cause having come before the Court for hearing on the issue of the Defendant's competence and mental state at the time of the offense and the Court listened to all evidence offered by the Defendant as well as considered the report of Dr. Chris Lott, expert appointed by the Court, and after considering all evidence and argument, finds

(A)  the Defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding in the preparation of his defense, and has a rational as well as factual understanding of the nature and object of the legal proceedings against him; and

(B)  the Defendant would have been able to know the nature and quality of his alleged actions and he would have been able to know the difference between right and wrong in relation to his alleged actions at the time of the alleged offense.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that the Court finds beyond a reasonable doubt that the Defendant is competent to stand trial, is able to assist counsel at trial, and was not McNaughton insane at the time of the alleged offense.

SO ORDERED AND ADJUDGED, this, the _____ day of _____, 2016.

_____
CIRCUIT JUDGE

Agreed as to form:

_____
Office of the District Attorney

_____
Defense Attorney

Westlaw

Miss. Code Ann. § 99-17-1
C

West's Annotated Mississippi Code Currentness
  Title 99. Criminal Procedure
    Chapter 17. Trial
      → → § 99-17-1. Trial within 270 days of arraignment

Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.

CREDIT(S)

Laws 1976, Ch. 420, § 1, eff. July 1, 1976.

Current through 2014 Regular and First and Second Extraordinary Sessions.

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.

NO. 1461-15

Leroy Lamont Lewis

## ORDER RESETTING CAUSE

Come this day to be heard this cause upon motion and the Defendant represented by counsel and the State by the District Attorney, having agreed upon a resetting for the above described cause from the __27__ day of __May__, 20__15__ to the __28__ day of __July__, 20__15__, for good cause shown as follows: __Defense attorney to file Motion to Withdraw__,

~~and the Defendant waives the right to a speedy trial.~~

It is therefore ordered and adjudged that this cause be and is hereby set for trial on the __28__ day of __July__, 20__15__ at 9:00 a.m.

SO ORDERED AND ADJUDGED this the _____ day of _____, 20____.

_____
CIRCUIT JUDGE

_____
Defense Attorney

_____
District Attorney

_Leroy Lewis_
Defendant



Leroy Lewis
L.C.D.F.
2001.5 th street
Meridian, MS. 39301

Judge Linda R. Anderson
U.S. Magistrate Judge
U.S. District Court
Southern District Court
501 E. Court Street
Suite 6.150
Jackson, Mississippi 39201

FILED AUG 24 2017 SOUTHERN DISTRICT OF MISSISSIPPI ARTHUR JOHNSTON, DEPUTY

Thank for your time