# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LEROY LEWIS**                                                          **PETITIONER**

**V.**                                                **CAUSE NO. 3:17-CV-324-CWR-LRA**

**SHERIFF BILLY SOLLIE**                                              **RESPONDENT**

## ORDER

Since December 19, 2014, Leroy Lewis has been incarcerated in Lauderdale County, Mississippi, awaiting prosecution on several criminal charges. After two-and-a-half years in jail, he filed this petition alleging violations of his constitutional right to a speedy trial.

The State has moved to dismiss. The Court held an omnibus hearing and is ready to rule.

The record contains numerous Orders in which the state-court trial judge, prosecutor, and defense attorney continued Lewis's criminal cases—and prolonged his pretrial incarceration—over Lewis's written objections. The first such continuance came in May 2015. Many have followed. Except for a six-month period in which Lewis was awaiting a mental examination, during which his speedy trial rights were waived,[1] no one has honored his demands for a speedy trial.

The State argues that Lewis failed to exhaust state-court remedies. In August 2016, however, the trial judge signed an Order acknowledging that "Defendant . . . demands a speedy trial." That Order was issued nine months before Lewis filed this habeas petition. The State's own motion, moreover, concedes that the "trial judge is clearly aware of Lewis' recent request for speedy trial in May 2017." Of course, the prosecutor and defense attorney were also aware of Lewis's requests. Yet no trial has occurred.

---

[1] Lewis claims that in explaining the psychiatric examination, his attorney misled him about the speedy trial waiver.

At the hearing, State's counsel and an Assistant District Attorney in Lauderdale County criticized Lewis and other pretrial detainees in the County for bringing their speedy trial concerns to federal court. But the timeline in this case suggests that Lewis sought habeas relief out of desperation—perceiving, rightly or wrongly, that no one in Lauderdale County was listening to him. Our situation is reminiscent of *Braden v. 30th Judicial Circuit Court of Kentucky*, a leading speedy trial case, in which the U.S. Supreme Court praised the petitioner for "delay[ing] his application for federal [habeas] relief until the state courts had conclusively determined that his prosecution was temporarily moribund." 410 U.S. 484, 491 (1973).

Lewis also could not have brought his grievance to a higher state court. The Mississippi Supreme Court "requires a trial with a result before [it] will review a claim of speedy trial violation." *Beckwith v. State*, 615 So. 2d 1134, 1144 (Miss. 1992).[2] The State's briefing here admits as much.

In any event, the State then says Lewis's petition fails to state a claim because a three-year delay isn't extraordinary enough to warrant dismissing the state charges. That kind of fact-intensive analysis cannot be resolved on the pleadings, though, according to the State's own authorities. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (finding "no special circumstances" in two-year delay because "the state itself has made multiple attempts, in apparent good faith, to bring petitioner to trial."). In addition, there is a less drastic remedy that would vindicate the speedy trial guarantee: this Court may simply order the State to promptly bring Lewis to trial. *See Braden*, 410 U.S. at 490.

---

[2] The Mississippi Supreme Court's practice may run afoul of *Braden*, which notes the following: "It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts." 410 U.S. at 490–91 (citation omitted); *see also Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (holding that the speedy trial "right is one which can and should be vindicated without waiting until the state decides to conduct a trial"); *Montano v. Texas*, 867 F.3d 540, 544 (5th Cir. 2017) (criticizing, in double jeopardy context, state procedure where a defendant is "forced to forfeit the protections of his federal right before being permitted to seek its vindication in federal court").

The Court must repeat what it has said before: "Excessive delays threaten the fairness of the entire system. Until state trial and appellate courts safeguard the presumption of innocence by ensuring that accused persons do not languish in jail year after year without a trial, justice in Mississippi will continue to be the loser." *Patterson v. Hinds Cnty., Miss.*, No. 3:13-CV-432-CWR-FKB, 2016 WL 7177762, at *9 (S.D. Miss. June 10, 2016) (quotation marks, citation, and brackets omitted). Turning a deaf ear to pleas like Lewis's not only foments distrust of those who hold power over the lives of pretrial detainees, but it dissipates their hope, the only thing that may accompany them in their cell. The motion is denied.

The Magistrate Judge previously ordered the State to provide "full and complete transcripts of all proceedings in the state court of Mississippi arising from the charges responsible for Petitioner's current confinement in the Lauderdale County Detention Facility." It is not clear that the State has complied.[3] *E.g.*, *Montalto v. Miss. Dep't of Corr.*, No. 3:15-CV-457-CWR-FKB, 2017 WL 4340273, at *6 (S.D. Miss. Sept. 29, 2017) (noting State habeas counsel's willful failures to produce a complete record). The State is therefore given 21 days to file an updated, complete record. A dispositive motion deadline and hearing date will be set shortly thereafter.

**SO ORDERED**, this the 28th day of February, 2018.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[3] For example, the ADA indicated that in Lauderdale County, requests for trial continuances are made orally to the trial judge during multi-defendant hearings. Those proceedings are relevant and must be included in the record.